IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-00407-JD |
| | ) |
| ZACHARY SCOTT, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Defendant Zachary Scott, Jr., appearing pro se, filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) ("Motion"). [Doc. No. 41]. In his Motion, Mr. Scott seeks to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines. Motion at 1. Assistant Federal Public Defender Laura K. Deskin, in accordance with this District's General Order 23-6, filed a Notice Regarding Defendant's Ineligibility for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on the Retroactive Application of USSG Amendment 821 [Doc. No. 46 at 2], notifying "the Court that Mr. Scott is not eligible for relief because he did not have zero criminal history points (he had 16) nor was he assessed criminal history status points." The United States responded to Mr. Scott's Motion [Doc. No. 48], asserting that Mr. Scott does not qualify for a sentence reduction under Part A or Part B of Amendment 821 because he had a total of 16 criminal history points and did not receive any status points for committing the offense while under a criminal justice sentence. The United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence

Reduction Based on Amendment 821 [Doc. No. 45], likewise asserting that Mr. Scott is ineligible for sentencing relief for the same reasons. For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction because Mr. Scott is not eligible for a sentence reduction under § 3582(c)(2).

I. **BACKGROUND**

On December 1, 2023, Mr. Scott entered a plea of guilty to Counts 1 and 3 of the Indictment charging him with interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a). [Doc. Nos. 1, 21–25]. On May 23, 2024, the USPO filed the Final Presentence Investigation Report ("PSR"). [Doc. No. 31]. The 2023 Guidelines Manual was used to determine Mr. Scott's offense level, and Counts 1 and 3 were not grouped. PSR ¶ 20. The PSR assigned a base offense level of 20 for Count 1. *Id.* ¶ 21. Six levels were added to the base offense level under USSG § 2B3.1(b)(2)(B) because Mr. Scott pointed a firearm at the victim during the robbery. *Id.* ¶ 22. This resulted in an adjusted offense level (subtotal) of 26 for Count 1. *Id.* ¶ 26. The PSR assigned a base offense level of 20 for Count 3. *Id.* ¶ 27. Five levels were added to the base offense for Count 3 under USSG § 2B3.1(b)(2)(C) because Mr. Scott revealed a firearm to the cashier. *Id.* ¶ 28. This resulted in an adjusted offense level (subtotal) of 25 for Count 3. *Id.* ¶ 32. The PSR applied the greater adjusted offense level of 26 and, pursuant to USSG § 3D1.4, increased that level by two levels based on the assignment of two units, resulting in a combined adjusted offense level of 28. *Id.* ¶¶ 33–36. After applying the three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 25. *Id.* ¶¶ 38–40.

The PSR calculated a total criminal history score of 16, placing Mr. Scott in a criminal history category of VI. *Id.* ¶ 52. Mr. Scott did not receive any "status points" for committing the offense while under a criminal justice sentence. Based on a total offense level of 25 and a criminal history category of VI, Mr. Scott's advisory guideline range for imprisonment was 110 months to 137 months. *Id.* ¶ 86.

At the sentencing hearing held on July 16, 2024, the Court adopted the PSR without change. [Doc. No. 40 at 1]. The Court varied upward and sentenced Mr. Scott to a term of imprisonment of 180 months, consisting of 180 months as to Counts 1 and 3, to be served concurrently. Judgment at 2 [Doc. No. 39 at 2]; *see also* [Doc. No. 37 at 1]. Mr. Scott now asks the Court to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines. Motion at 1.

## II.   DISCUSSION

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

3

Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is even *authorized*"). At step two, the district court considers whether such reduction "is warranted in whole or in part" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the second step, "a matter of discretion, is whether an authorized reduction is in fact *warranted*"). Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

4

Here, Mr. Scott seeks a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines, which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Part B creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* USSG Suppl. to App. C, Amend. 821 (Part B) (Zero-Point Offenders). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he meets all 10 of the listed criteria. *See* USSG § 4C1.1(a).

As set forth above, Mr. Scott had a total of 16 criminal history points. PSR ¶ 51. And he did not receive any status points for committing the offense while under a criminal justice sentence. Thus, a sentence reduction is not authorized under either Part A or Part B of Amendment 821 and 18 U.S.C. § 3582(c)(2).[1]

Accordingly, because no reduction is authorized, the Court lacks jurisdiction under § 3582(c)(2) to modify Mr. Scott's sentence and dismisses the Motion. *See White*, 765 F.3d at 1250 (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the district court's dismissal

---

[1] Mr. Scott was sentenced after November 1, 2023, the effective date of Amendment 821.

for lack of jurisdiction where Amendment 782 did not affect the defendant's guideline range).

### III. **CONCLUSION**

Accordingly, Defendant Zachary Scott, Jr.'s pro se motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) [Doc. No. 41] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 12th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE